IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JONAH PAINTER** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )    Case No. 16-CV-02258 |
| | ) |
| **UNIVERSITY OF KANSAS,** | ) |
| | ) |
| **Defendant.** | ) |

## MOTION TO DISMISS
## WITH SUPPORTING MEMORANDUM

The University of Kansas (hereinafter "Defendant") hereby moves to dismiss Plaintiff's Complaint in its entirety on the basis of Rule 12(b)(1) for lack of jurisdiction and Rule 12 (b)(5) for insufficient service of process. In support of this motion, Defendant submits the memorandum below in accordance with Local Rule 7.6.

## NATURE OF THE MATTER BEFORE THE COURT

Plaintiff, a former employee of the University, has filed a single-count complaint alleging "Violation of FMLA Against Defendant."[1] [Plaintiff's Complaint and Demand For Jury Trial and Designation of Place of Trial,[2] hereinafter "Doc. 1" at ¶ 2; p. 11.] Specifically, Plaintiff claims that "Defendant interfered with, restrained and denied [his] exercise, and attempted exercise, of rights pursuant to the FMLA by interfering with his attempts to use leave and then terminating his

---

[1]   The facts herein are taken from Plaintiff's complaint and are set forth as "fact" only for purposes of this motion according to the standards governing Rule 12 motions. Defendant reserves the right to contest any or all of these "facts" at trial or in later pleadings.

[2]   Pursuant to D. Kan. R. 40.2(d), in the event a trial is necessary, Defendant requests that such trial be held in at the federal courthouse in Topeka, Kansas. Plaintiff, Defendant, and anticipated witnesses are located in Lawrence, Kansas. [Doc. 1 at ¶¶ 1-3.] It is closer and more cost-efficient for all of the parties to hold any necessary trial in Topeka.

{L0050969.1 }

1

employment for taking leave." *Id*. at ¶ 97.  Defendant, the University of Kansas, is a state-supported educational institution of higher learning. *Id*. at ¶ 3. As set forth below, because Defendant is entitled to Eleventh Amendment immunity from an employee's FMLA claims for self-care, the Court lacks subject matter jurisdiction and Plaintiff's Complaint should be dismissed. Similarly, Plaintiff failed to properly serve Defendant as required by federal and state laws.

## STANDARD OF REVIEW

Defendant brings this motion under Fed. R. Civ. P. 12(b)(1) and (b)(5). A motion to dismiss under Fed. R. Civ. P. 12(b)(1) may consist of either a facial or a factual attack on the complaint. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). Defendant moves under 12(b)(1) as a factual attack, that the facts and law do not support subject matter jurisdiction. Federal courts have limited jurisdiction, and they presume they lack jurisdiction. *Marcus v. Kan. Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999) (citing *Penteco Corp. v. Union Gas Sys*., Inc., 929 F.2d 1519, 1521 (10th Cir. 1991); *Basso v. Utah Power & Light Co*., 495 F.2d 906, 909 (10th Cir. 1974)). Plaintiff bears the burden of establishing that subject matter jurisdiction exists, and as explained below, cannot make such showing as Defendant is immune from Plaintiff's FMLA claim. *Henry v. Office of Thrift Supervision*, 43 F.3d 507, 512 (10th Cir. 1994). Similarly, Defendant moves for dismissal under 12(b)(5) as based on the return of service filed with the Court, Plaintiff has not complied with Fed. R. Civ. P. 4(j).

## STATEMENT OF QUESTIONS PRESENTED

1. May Plaintiff proceed on his FMLA claims when Defendant is entitled to sovereign immunity such claims?

2. Did Plaintiff appropriately serve Defendant?

**ARGUMENT**

I. **Plaintiff's Sole Claim Fails Because Defendant is Immune from His FMLA Claim.**

Defendant, as a state entity, is immune from liability under the FMLA pursuant to the Eleventh Amendment. The Eleventh Amendment provides: "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI. The Eleventh Amendment confirms the sovereignty of the states by providing a shield from suits by individuals absent state consent. *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996).

To qualify for Eleventh Amendment immunity, Defendant must be either a state or an "arm" of a state. *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1232 (10th Cir.1999). Here, the University of Kansas qualifies as an "arm" of the State of Kansas. *Brennan v. University of Kan.*, 451 F.2d 1287, 1290 (10th Cir. 1971) (holding that "the University of Kansas, as a state university, and the University Press of Kansas, as a state institution serving the state universities, function as arms or alter egos of the State of Kansas."); *see also Billings v. Wichita State Univ.,* 557 F. Supp. 1348, 1350 (D. Kan. 1983) ("[T]he universities established by the State of Kansas and governed by the Kansas Board of Regents function as alter ego agencies of the [S]tate and share its Eleventh Amendment immunities."). As an arm of the state, the University of Kansas qualifies for Eleventh Amendment immunity.

While a state entity may lose its Eleventh Amendment immunity in the limited circumstances of either express Congressional abrogation or waiver, neither apply here. The Supreme Court recently examined this issue and found that for employees bringing FMLA claims related to his or her own self-care leave, Congress did not expressly abrogate a state's Eleventh

Amendment immunity. *Coleman v. Court of Appeals of Maryland*, 132 S. Ct. 1327, 1338, 182 L. Ed. 2d 296 (2012). Similarly, there is no evidence to support that Defendant has waived such immunity. Thus, Defendant is immune from Plaintiff's FMLA claims related to self-care. *See, Humphrey v. Kansas Dep't of Wildlife, Parks & Tourism*, No. 13-4025-JTM, 2013 WL 4857889, at *3-4 (D. Kan. Sept. 10, 2013) (finding that state agency employee who brought claims related to her use of FMLA leave due to her own serious health condition was barred by the State's Eleventh Amendment immunity).

## II.     Insufficient Service of Process

Additionally, or in the alternative, Plaintiff's Complaint should be dismissed for insufficient service of process. As a state agency, Plaintiff is required to comply with Fed. R. Civ. P. 4(j)(2) which requires that Plaintiff either deliver a copy of the summons and complaint to the state entity's chief executive officer or serve in the manner prescribed by that state's law. Here, Plaintiff sent his Complaint via certified mail to "Room 230 Strong Hall" at the University of Kansas, without addressing it to the chief executive officer, the Chancellor. The address to which Plaintiff mailed the Complaint is shared by multiple departments, such as KU's Office of Public Affairs. *See*, https://publicaffairs.ku.edu/about/contact (last visited June 22, 2016, identifying address as 230 Strong Hall). [See, Doc. No. 5, Plaintiff's Summons Return]. Thus, Plaintiff did not comply with Rule 4 (j)(2)(A) by failing to address the individual to whom service was intended. Similarly, Plaintiff failed to comply with Rule 4 (j)(2)(B) as state law provides that the exclusive method of service on state entities is by serving the state's Attorney General. K.S.A. § 60-304. Therefore, Plaintiff's Complaint should be dismissed.

# CONCLUSION

Because Defendant is entitled to Eleventh Amendment immunity from Mr. Painter's FMLA claims for self-care, the Court lacks subject matter jurisdiction and Plaintiff's Complaint should be dismissed. Additionally, Plaintiff's claim should be dismissed for insufficient service of process.

Respectfully submitted,

/s/ Megan K. Walawender

Megan K. Walawender #22955
University of Kansas
Associate General Counsel
245 Strong Hall
1450 Jayhawk Blvd.
Lawrence, Kansas 66045
Tel:  (785) 864-3276
Fax:  (785) 864-4617
megan.walawender@ku.edu
*Attorney for Defendant*

# CERTIFICATE OF SERVICE

The undersigned counsel certifies that a true and correct copy of this document was filed using the Court's Electronic Filing System this 23rd day of June, 2016, with notice of filing generated automatically and emailed to:

Aaron McKee
McKee Law, L.L.C.
222 South Cherry Street
Olathe, Kansas 66061
Tel:  (913) 768-6400
Fax:  (913) 768-6420
aaronmckee@mckee-law.com
*Attorney for Plaintiff*

/s  Megan K. Walawender
*Counsel for Defendant*